UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**TECMEDD TRADING LIMITED**　　　　　　　　Civil Action No. 3:14-cv-01409

　　　　　　Plaintiff　　　　　　　　Judge Campbell/Brown

　v.

**C&N LOGISTICS, INC. AND
RUSSELL TODD WHITE,**

　　　　　　Defendants

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

**1.　　Jurisdiction:**

Plaintiff assert that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Defendants do not dispute jurisdiction.

**2.　　Plaintiff's theory of the case:**

Plaintiff asserts that it entered into an agreement with a third-party, Jordan Book Centre ("JBC"), for the purchase of 85,772 books (the "Books") to be shipped to Amman, Jordan. Plaintiff then entered into an agreement with Defendants C&N Logistics, Inc. and Russell Todd White to handle storage and shipment of the books to JBC in Jordan. Plaintiff had the Books delivered directly from the publisher, Houghton Mifflin Harcourt ("HMH"), to Defendants' warehouse in Waverly, Tennessee. At JBC's suggestion, the parties also agreed that JBC would pay the amount owed for the Books directly to Defendants, who would then transfer that amount to Plaintiff. The parties agreed that Defendants would not ship the Books until Plaintiff received full payment from JBC, and if JBC did not pay, the Books would be returned to HMH at

Plaintiff's request. Defendants breached the parties agreements in the following ways: (1) Defendants shipped at least a portion of the Books to JBC before full payment was received; (2) on at least one occasion, Defendants kept a portion of the amounts paid by JBC instead of transferring the full amount to Plaintiff; (3) Defendants refused and failed to return the Books to HMH or Plaintiff upon Plaintiff's instructions to do so; and (4) Defendants have refused and failed to pay for the Books that were not returned to HMH or Plaintiff.

    **3.**    **Defendants' theory of the case:**

As an initial matter, Defendants deny that any of the alleged contracts, agreements, or action were taken by Defendant White in an individual capacity.

Defendant C&N would show that it acted only as an intermediary between Plaintiff and JBC regarding this transaction and that it acted as such logistics agent at the request of JBC. Defendant C&N denies that it breached any agreement with Plaintiff or that Plaintiff suffered any harm as a result of any alleged breach by C&N. Instead, Plaintiff appears to assert claims against Defendants for which the Defendants are not liable, in particular the claims for recovery of the remainder of the purchase price of the Books that should be asserted against JBC.

    **4.**    **Identification of the issues:**

    a.    Whether Defendants breached the parties' agreement when they shipped a portion of the Books to JBC prior to receipt the full amount of the purchase price.

    b.    Whether Defendants breached the parties' agreement when they kept $75,000 of the money wired from JBC to TecMedd intended as payment for the Books.

    c.    Whether Defendants breached the parties' agreement when they refused and failed to return the Books to HMH or Plaintiff upon Plaintiff's instructions to do so.

    d.    Whether Defendants breached the parties' agreement when they refused and failed to pay for the Books that were not returned to HMH or Plaintiff.

e. Whether any agreement exists between Plaintiff and either of the Defendants.

f. Whether Plaintiff has suffered damages that are recoverable against either of the Defendants.

g. Whether Defendant C&N is entitled to a recovery against Plaintiff via an offset or recovery via counter-claim for its services in handling and storing the Books.

h. Whether Plaintiff has any claims for individual liability against Defendant White.

i. No issues have been resolved.

**5. Need for other claims or special issues under Rules 13-15, 17-21 and Rule 23 of the Federal Rules of Civil Procedure:**

At present, Plaintiff does not anticipate special issues relating to counterclaims or cross-claims, third-party practice, the identity or capacity of the parties, joinder of additional parties, or class action certification.

Defendant may seek to assert a counterclaim and/or investigate the joinder of additional parties. The Complaint appears to assert claims for which JBC is liable, and there has been no allegation, to date, that Defendants received full payment and failed to remit those funds. Upon clarification, JBC may need to be joined as a party as a Third Party Claim and/or Joinder, pursuant to Rules 14, 19, or 20. Additionally, Defendant C&N has not been paid for its services in handling and shipping the Books. Upon these facts, Defendant C&N may seek additional relief, including the ability to amend its Answer pursuant to Rule 15 to allege a counter-claim pursuant to Rule 13 regarding payment for its services.

**6.	Witnesses.**

The only known witnesses at the present are:

    a.	Fernando Baracchini

    b.	Russell Todd White

    c.	Gabriel Sharbain, JBC

    d.	Representative of HMH

**7.	Responsive Pleadings:**

Defendants filed their answer on August 6, 2014.

**8.	Initial Disclosures and Staging of Discovery:**

If settlement cannot be reached, the parties will meet and confer by **September 15, 2014** regarding the subjects on which discovery is needed, whether the issues can be narrowed and the extent to which stipulations or admissions of fact may be appropriate to avoid unnecessary discovery.

    a.	The parties will exchange the Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **September 30, 2014**.

    b.	Plaintiff's Expert Reports pursuant to Fed. R. Civ. P. 26(a)(2): **December 22, 2014.**

    c.	Defendants' Expert Reports pursuant to Fed. R. Civ. P. 26(a)(2): **January 22, 2015.**

    d.	Discovery Cut-Off: **March 27, 2015.**

    e.	Prior to filing any discovery related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

f. The parties do not currently anticipate any stay in discovery in accordance with section (e)(1) or any limitations on discovery.

9. **Dispositive motions:**

Plaintiff anticipates that some if not all of the issues may be resolved on a motion for summary judgment depending on discovery. Dispositive motions will be filed on or before **May 30, 2015**. Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

10. **Other Deadlines:**

None at this time.

11. **Alternative dispute resolution or settlement:**

The parties believe that alternative dispute resolution may be appropriate in this matter. On or before **October 15, 2014,** the parties shall jointly notify the Court, in a filing to be filed in the same manner as other filings, if settlement can be reached or if there is a need for the use of a formal ADR program. If settlement has not been reached or the parties do not want to participate in ADR, the filing will contain a statement that the matter is not suitable for mediation or a settlement conference and the reasons therefore.

12. **Consent to trial before the Magistrate Judge:**

The parties do not consent that all proceedings in this case may be conducted by a United States Magistrate Judge.

13. **Subsequent Case Management Conference:**

The parties do not anticipate the need for a second case management conference unless parties are added.

**14.    Target trial date:**

This Bench trial is estimated to take one day and is requested to begin on or after December 8, 2015. Judge Campbell will issue a separate order setting the date for trial and covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED.**

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge